Norris, J,
This case came into this court on appeal. The petition alleges that James Lanning, plaintiff’s decedent, in his life time, on the 22nd day of December, 1886, by the consideration of the court of common pleas of this county recovered a judgment against the defendant William Fogler, which is unpaid and unreversed and in full force. That Fogler had no personal property, but is the owner of valuable equities in certain real estate and personal property, the legal title of which is in the defendant Margaret Fogler, Fogler’s wife, and he describes the real estate, and says that the personal property consists of teams and stock and tools and farming machinery and implements of the value of about $2,000, and is used on the real estate which consists of a farm in this county.
Plaintiff says that all this property,r*eal and personal, with the exception of a part owned by Margaret Fogler, is the proceeds of the labor and skill of William Fogler, and that he is in fact the owner of a three-fourths’ interest in it, and that the title is kept in the name of Margaret to prevent this plaintiff from subjecting it to the payment of his judgment.
Execution issued upon this judgment, and a levy was made upon the real estate; the plaintiff asks for an accounting,and that the interest of William Fogler may be sold and the proceeds applied to the payment of this debt.
William Fogler answers and admits the recovery of the judgment and that it is unpaid,and that he has no property whereon to levy; he admits that the property is in his wife’s name and unincumbered, He avers that the property belongs to her, and he denies all else in the petition.
Margaret Fogler answers, and in substance makes the same admissions and averments, with the addition that the property was purchased by her, and paid for with her own means, and denying in terms that her husband has title or interest in it of any kind or to any degree,
*153 The plaintiff for his reply denies the allegations of these answers.
These issues, with the evidence, are submitted to this court on appeal.
The testimony in this case shows that twelve or thirteen years ago William Fogler was the owner of a farm,and that up to that time he had succeeded in accumulating an indebtedness which swept away his property, and left him insolvent and largely in arrears to his creditors, one of whom is the plaintiff in this case. After all of his property had been applied upon his liabilities', out of the wreck Mrs. Fogler secured at the hands of the court to which the creditors has resorted, as the value of her interest in the property, as the wife of Fogler, the sum of $600. At this time Mrs. Fogler was the owner of property that she had received from other sources and in which her husband was not interested, to the amount of $500; this property consisted of stock and such other chattels as are necessary on a farm.
After the home place, as they designate the Fogler farm, had been lost, and about eleven years ago, the Falke farm was rented. The evidence shows that this Falke farm, which consisted of 160 acres, was rented by Mrs. Fogler; the first year’s rent of $500 was paid by her out of her own money. While her husband assisted in obtaining this place, yet she appears to have been present, and the bargain was made with her; the place was rented to her, and she paid the rent, and she stocked it with her property brought from the home farm. The Falke farm was operated until about 1898. It appears that while her husband devoted his time and attention to running this farm, Mrs. Fogler also gave her personal attention to the business; nothing vas bought or sold without her consent; she made the bargains, and nothing went off or came on to the place without her consent and knowledge, and she received the pay for that which *154 was sold, either directly or through her husband, and she paid for whatever came on to the farm.
For the time and labor of her husband and for whatever skill he possessed, she paid him during this time $300 per year; she paid him by the month. This went on, and the venture on the Falke farm prospered, and in 1893 she bought the farm sought to be subjected to this j'udgment against her'husband. The evidence shows that she bought this farm, The property she took to the Falke place and the profits of the Falke farm went into the purchase price of this farm. The same arrangement was maintained with the husband in the management of this farm, except that his salary was reduced to $200 per year instead of $300, and he was paid monthly, and so to the commencement of this case. During all this time she held her husband to strict account. Her property was not blended with his; he had none with which to blend it.
It does not appear that the source of her success was the personal services of her husband,or his skill. He had displayed his skill in the loss of the home farm. The only resources of this man and his children — lor it appears they had children, who assisted as best they might in the work at hand — was the estate of this woman, and hers alone.
Fogler may be a fair farm hand, but is evidently not a shining light as a financier and manager. These farms are not property of similar character to the manufacturing business in the Glidden case, in 16 Ohio St.. 509, or like the mill in the Michigan case, 11 Michigan, 470, or like the Provision Company in the New Jersey case,34 Atlantic Reporter 142, where the success depended upon the skill and financial ability of experts in particular branches of trade and commerce, This property was a farm, and while in agricultural pursuits, as in everything, good management and fair prices will keep the wolf from the door, yet there are very few farmers’ wives who don’t know when the *155 work on a farm should be done. Mrs. Fogler knew this, and had the authority to have it done, and she evidently saw that it wa3 done; and the soil, and the rain, and the sunshine did the rest. He helped and she paid him for it, and paid him probably all he was worth. It is true he spent some of his wages in support of the family; this was only what the law compelled him to do wherever he got his money; but she was the head and the front and owner of the business; what she said went, and what she did not want did not go. And while he, with his business under his management, collapsed, she, at the head of her affairs, succeeded; and with an eye to the fact that a real first-class business man or woman, was one who bought a thing for one dollar and sold it for two, and got her money and kept it, she fias accumulated this property which, this plaintiff seeks to subject to the payment of her husband’s debt. We take this view of the case, and find for the defendant Mrs. Fogler, and dismiss plaintiff’s petition at his costs, and remand the case for execution.
A. G. Fuller, for Plaintiff.
Pendleton & Whitley, and John Poe, for Defendant.